**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHARON ZILBERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-720 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| THE GATEWAY SCHOOL | ) | |
| DISTRICT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Defendant's Motion for Summary Judgment (Doc. 42) will be granted, and Plaintiff's various requests for relief (*see* Doc. 48) will be denied.

Plaintiff has brought this IDEA lawsuit, *pro se*, against her child's school district and certain of its administrators (collectively, "the School Defendants"), after a due process hearing was resolved to her dissatisfaction. *See generally* Compl. (Doc. 1). Plaintiff's only requests for relief are monetary, stated in specific sums: $480 in "due process expenses"; $6,020 in "reimbursement for tutoring and compensatory tutoring"; and $25,000 in punitive damages. *Id.*, at "Wherefore" clause.

Although nominally identified as a Defendant, the Pennsylvania Department of Education ("the State") appears little in Plaintiff's detailed allegations. *See id.* Aside from an introductory paragraph (*see id.* at ¶ 7), the only allegations against the State are Plaintiff's assertions that it "failed to ensure a Free and Appropriate Public Education [FAPE]"

and "failed to conduct a competent special education complaint investigation" in response to Plaintiff's written complaint in January 2013. *See id.* at ¶¶ 47-48.

In an Order dated November 7, 2013 (Doc. 17), the Court established a case management schedule, affording the parties 151 days, or until April 7, 2014, to complete discovery. On March 14, 2014, just 27 days before discovery was set to expire, Plaintiff filed an Acceptance of an Offer of Judgment made by the School Defendants, in the amount of $8,000. *See* Doc. 28. Judgment was entered in favor of Plaintiff, and against the School Defendants, and those Defendants were released from this lawsuit. *See* Doc. 29.

Shortly thereafter, and upon Plaintiff's request, the Court held a telephonic conference to address her discovery grievances regarding the State. *See generally* Orders entered Apr. 1, 2014 & Apr. 3, 2014 (Doc. 31). During the conference, and at subsequent conferences, counsel for the State firmly expressed his opinion that, given Plaintiff's acceptance of the School Defendants' Offer of Judgment, there appeared no further basis for recovery. Counsel offered no legal support for this assertion, however, nor did the State then file a motion for judgment on the pleadings or for summary judgment. Instead, the parties continued on a contentious course of discovery, wherein, admittedly, Defendant's efforts were less than satisfying. *See, e.g.*, Orders at Docs. 31 & 35 (requiring State to supplement responses based on Plaintiff's grievances).[1]

---

[1] That Defendant's production efforts were not entirely "crisp," to put it kindly, is somewhat understandable given the nominal allegations against the State, and the School Defendants' status as the central focus of this lawsuit, if only in a practical sense. That said, the State remained a party to this lawsuit, and the circumstances above did *not* excuse it from complying with discovery obligations. Had the State believed that further discovery was unnecessary, based on the Offer of Judgment or otherwise, the proper course would have been for it to place those issues before the Court, rather than to assume a passive/reactive approach to discovery.

Defendant now has filed a Motion for Summary Judgment, arguing that further recovery is unavailable to Plaintiff. In opposition, Plaintiff responds not to Defendant's legal arguments, but, rather, levels further discovery-related attacks, seeking to have certain of the State's summary judgment documents stricken and requesting more time to respond to Defendant's Motion based on her perceived lack of information. *See* Doc. 48. Plaintiff, however, appears to have lost the forest for the trees, and, as explained below, Defendant is entitled to summary judgment.

As referenced above, the allegations in the Complaint regarding the State are both terse and conclusory. Plaintiff alleges, in the most general terms, that the State failed to provide a FAPE and failed to conduct a "competent" investigation in response to her written complaint. *See* discussion *supra*. The Court finds convincing, and therefore adopts, the reasoning in Carnwath v. Grasmick, 115 F. Supp.2d 577 (D. Md. 2000), which held that a court "must consider the relative responsibilit[ies]" of the state and local (*i.e.*, school district) agencies to determine "who is primarily responsible" for the alleged failure to provide a FAPE. *Id.* at 580 (citation to quoted source omitted). Although a state is not relieved of liability merely because it played a secondary role, it will not be held liable in the absence of "some evidence showing [its] involvement" in the relevant decision-making process. *Id.* at 585 (citations omitted); *accord* Renollett v. Minnesota, 2004 WL 1576716, *3 (D. Minn. Jul. 13, 2004) ("[p]laintiff must set forth some facts showing that the [state] shared substantial responsibility with [the school] in denying [a] FAPE") (citation omitted).[2]

---

[2] This Court would not go so far as to say that, for a state agency to be liable, it must share "substantial responsibility" regarding the FAPE. Rather, the Court relies on Carnwath for the proposition that, where, as here, the State had only nominal and/or theoretical involvement in the FAPE grievance(s), no liability will attach. This decision does not purport to address a closer case, where, for example, the plaintiff proffers meaningful evidence regarding state involvement,

In this case, there are no allegations in the Complaint, nor does Plaintiff identify any evidence, showing that the State meaningfully was involved in the due process hearing. The State was not named as a party to those proceedings; it did not participate in the process; and it was named, for the first time, in this lawsuit. *Cf.* Carnwath at 585 (addressing same).[3] Under the circumstances, the law does not support an imposition of liability.

Nor do notions of justice and common sense. Plaintiff accepted an Offer of Judgment against the School Defendants, in the amount of $8,000. There is no indication that Plaintiff has been unable to collect this award, and $8,000 is in excess of the amount of remedial recovery requested in the Complaint. *See* discussion *supra* (Plaintiff requests $480 in "due process expenses," and $6,020 in "reimbursement for tutoring and compensatory tutoring," totaling $6,500). Although Plaintiff also has requested $25,000 in punitive damages, such damages are not recoverable under the IDEA. Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 276 (3d Cir. 2014) ("compensatory and punitive damages . . . are not available under the IDEA and cannot be awarded in the context of a [d]ue [p]rocess hearing") (internal quotations and citation to quoted source omitted). Even if they were, no reasonable reading of Plaintiff's pleadings, or her evidence, could satisfy the heightened standards of intentionality, maliciousness and/or reckless indifference on behalf of the State. *See, e.g.*, Gagliardo v. Connaught Labs, Inc., 311 F.3d 565, 573 (3d Cir. 2002) (under ADA, punitive

---

or where the plaintiff levels reasoned challenges regarding the state's structural implementation of due-process procedures.

[3] The State's only involvement, as alleged in the Complaint, was its investigation and response to Plaintiff's letter in January 2013. *See generally* Doc. 46-1 at pg. 167 of 226 (filed under seal). Although Plaintiff alleges that the State's investigation was "[not] competent," *see* Compl. at ¶ 48, she has offered no evidence or allegations supporting a viable claim on this basis. Even if she had, the Court's holdings below regarding the unavailability of punitive damages, and the impermissibility of a double-recovery, would preclude any recovery. *See* discussions in text, *infra*.

damages require showing that defendant "engaged in a discriminatory practice . . . with malice or with reckless indifference") (citation omitted).[4]

In sum, Plaintiff already has enjoyed a recovery against the School Defendants in excess of her requested, recoverable damages, and allowing her to continue would only invite the prospect of an impermissible double-recovery. *See generally* Essex Ins. Co. v. Chem. Formula, LLP, 2006 WL 5720284, *7 (M.D. Pa. Apr. 7, 2006) ("[a]n injured party cannot recover twice for the same injury," and "[t]he court will not permit [a party] to receive a double recovery") (citation to quoted source omitted); *see also, e.g.*, Carlson v. Waterbury Hosp., 905 A.2d 654, 669 n.30 (Conn. Sept. 26, 2006) (explaining social policies against double-recovery, and ordering new trial, in part, because plaintiff enjoyed double recovery, having already settled with party dismissed before trial). Neither the law nor justice favors allowing Plaintiff to proceed, and Defendant's Motion for Summary Judgment is well taken.

As for Plaintiff's continued grievances regarding the State's discovery productions, nothing of which she conceivably has been deprived could alter the legal conclusions above. As for her requests for sanctions, the Court finds that Defendant's actual shortcomings do not rise to the level of sanctionable. Although the Court agrees that Defendant could have done a better job, perhaps its greater fault was to continue quibbling with Plaintiff over production-related minutiae rather than placing before the Court a vehicle through which it could address the substantive deficiencies referenced above. On the other side of the equation, the Court believes that Plaintiff, perhaps emboldened by her "successes" on the discovery front, has lost sight of the

---

[4] While Plaintiff's pleadings also make reference to the ADA and the Rehabilitation Act, there is no indication that she purports to assert such claims against the State. *Cf.* Compl. at ¶ 30 (identifying only basis for Rehabilitation Act claim, namely, discontinuation of student's occupational therapy, a matter regarding which State had no involvement). Even assuming the Complaint can be read to assert such claims, which the Court believes it cannot, there remains no evidence of intentional deprivation or reckless indifference on behalf of the State.

remaining substance of her case, focusing less on what she reasonably could hope to achieve and more on perceived slights and injustices visited upon her through discovery. Much as Plaintiff has clung to her claims against the State, despite having accepted an Offer of Judgment in excess of her recoverable damages, her litigation now has been reduced to "flogging the horse" of discovery rather than considering the substance of her remaining claims. Our legal system does not reward contention for the sake of contention, and the time has come for the parties to put their disputes behind them and move on.

Consistent with the foregoing, the Court hereby enters the following:

## II. **ORDER**

Defendant's Motion for Summary Judgment (**Doc. 42**) is **GRANTED**, and Plaintiff's various requests for relief (*see* **Doc. 48**) are **DENIED**. A Rule 58 Judgment Order will follow, and this case will be marked closed.

IT IS SO ORDERED.


June 29, 2015                                          s\Cathy Bissoon_____
                                                      Cathy Bissoon
                                                      United States District Judge

cc (via First-Class U.S. Mail):

Sharon Zilberman
187 Kelvington Drive
Monroeville, PA  15146


cc (via ECF email notification):

Counsel of Record